IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANDS' END, INC.,

                                                OPINION AND ORDER

                Plaintiff,

     v.                                                13-cv-38-bbc

GENESYS SOFTWARE SYSTEMS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Lands' End filed this civil diversity action to obtain a declaratory judgment interpreting a software licensing agreement it entered into with defendant Genesys Software Systems, Inc., on January 19, 1993. Under the agreement, plaintiff received the "right to use" defendant's software system for a term of 20 years. Defendant has filed counterclaims for breach of contract, injunctive relief, conversion and misappropriation of trade secrets.

        In an order entered on July 3, 2013, I granted defendant's motion for partial summary judgment on the issue of contract interpretation, finding that plaintiff's right to use the software expired on January 19, 2013, 20 years after the contract's effective date. Dkt. #26. Now before the court is plaintiff's motion for partial summary judgment on defendant's counterclaims for conversion, misappropriation and injunctive relief. Dkt. #28. Plaintiff contends that (1) the economic loss doctrine precludes defendant's conversion and misappropriation counterclaims; (2) the Copyright Act, 17 U.S.C. § 301(a), preempts defendant's conversion counterclaim; (3) the conversion and misappropriation counterclaims

1

fail on the merits; and (4) defendant's request for injunctive relief is moot because plaintiff stopped using the software in March 2013.

I conclude that defendant has failed to show that it could meet the elements of its counterclaim for conversion or misappropriation of trade secrets or to establish that its conversion claim is not preempted by the Copyright Act. As a result, it is unnecessary to address whether the tort claims are barred by the economic loss doctrine. The parties agree that defendant's counterclaim for injunctive relief is rendered moot by plaintiff's pledge not to use the software again without a license. Accordingly, plaintiff's partial motion for summary judgment will be granted. Remaining for trial is defendant's counterclaim for breach of contract.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

In January 1993, plaintiff and defendant entered into a contract under which defendant licensed its human resources and payroll systems software to plaintiff for a period of 20 years. Plaintiff stopped using the software program in March 2013, after the licensing agreement expired on January 19, 2013. It brought suit for interpretation of the contract in January 2013.

On July 1, 2013, defendant submitted the following responses to plaintiff's requests for interrogatories:

2

**INTERROGATORY NO. 11**: Identify specifically the trade secrets allegedly misappropriated by Lands' End and the Genesys personnel most knowledgeable about Lands' End's alleged misappropriation of Genesys' trade secrets.

>**Response**: It is Genesys' contention that Lands' End's ongoing use of the Genesys software after expiration of the 1993 Agreement constituted unlicensed use of the software, including the source code and reporting capabilities, all of which constitute trade secrets of Genesys. *See*, Response to Interrogatory No. 3.

**INTERROGATORY NO. 12**: For each trade secret allegedly misappropriated by Lands' End described in response to Interrogatory No. 11, fully describe all measures and efforts taken by Genesys to maintain the secrecy of the alleged trade secret.

>**Response**: The trade secrets to which Lands' End had access were made available only to parties who entered into appropriate license agreements with Genesys. To the extent that any known unlicensed uses were made, Genesys has litigated such misappropriations.

\* \* \*

**INTERROGATORY NO. 15**: Describe the full factual and legal basis for Genesys' contention that Lands' End is liable for conversion and that this entitles Genesys to have its software returned by Lands' End, including an identification of all facts, documents, and witnesses supporting this contention.

>**Response**: It is Genesys' contention that following the expiration of the 1993 Agreement Lands' End continued to make unlicensed use of the Genesys software. Genesys reserves the right to supplement this Response following discovery.

**INTERROGATORY NO. 16**: Describe the full factual and legal basis for Genesys' contentions that Lands' End has misappropriated trade secrets of Genesys, that Lands' End has aided and abetted the misappropriation of trade secrets of Genesys, and that such alleged misappropriation was deliberate, willful and wanton, including an identification of all facts, documents, and witnesses supporting such contentions.

3

> **Response**: It is Genesys' contention that following the expiration of the 1993 Agreement Lands' End continued to make unlicensed use of the Genesys software. It is further Genesys' present understanding that Lands' End made the software available to others for the purpose of extracting data for use by Lands' End in a new system. Genesys reserves the right to supplement this Response following discovery.

OPINION

A. Conversion

Plaintiff contends that defendant's claim of conversion is preempted by the Copyright Act and in the alternative, fails on the merits. Central to both arguments is whether the software program at issue is tangible or intangible property.

A common law action for conversion is limited to chattel. Production Credit Association of Madison v. Nowatzski, 90 Wis. 2d 344, 353–54, 280 N.W.2d 118 (1979); Farm Credit Bank of St. Paul v. F & A Dairy, 165 Wis. 2d 360, 371, 477 N.W.2d 357 (Ct. App. 1991). "A 'chattel' is an article of personal property—a thing personal and movable. It must consist of something identifiable and tangible." Maryland Staffing Services, Inc. v. Manpower, Inc., 936 F. Supp. 1494, 1507 (E.D. Wis. 1996) (interpreting Wisconsin law and citing Black's Law Dictionary (5th Edition) at p. 215). In Maryland Staffing, 936 F. Supp. at 1507, the district court explained that

> Historically, an action for conversion was based on the legal fiction that the plaintiff lost a chattel and that the defendant found it and converted it to his own use. See Prosser & Keeton on Torts (4th ed.) § 15 at pp. 79–81. Because intangible rights cannot be lost or found, "the original rule was that there could be no conversion of such property." Id. at p. 81. However, this rule has been relaxed to permit a plaintiff to recover for the full value of certain intangible rights where there is a conversion of a tangible thing in which

4

> intangible rights are merged. Restatement (Second) of Torts § 242. Thus, an action for conversion can now be maintained and a plaintiff can recover the full value of a check, a stock certificate, or an insurance policy. See Prosser & Keeton on Torts (4th ed.) § 15 at p. 83.
>
> However, for conversion to lie—even where intangible rights are involved—there must be some tangible thing to which the intangible rights attach which is capable of being wrongfully controlled.

See also Third Education Group, Inc. v. Phelps, 2009 WL 2150686, *7 (E.D. Wis. May 15, 2009) (conversion inapplicable to intellectual property such as trademarks); Apparel Business Systems, LLC v. Tom James Co., 2008 WL 858754, *18 (E.D. Pa. Mar. 28, 2008) ("Software is not the kind of property subject to a conversion claim.").

The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" and are "in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a) (emphasis added). The Court of Appeals for the Seventh Circuit has distilled two elements from this language: (1)"'the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102;'" and (2) "'the right must be equivalent to any of the rights specified in § 106.'" Seng-Tiong Ho v. Taflove, 648 F.3d 489, 500 (7th Cir. 2011) (quoting Baltimore Orioles, Inc. v. Major League Baseball Players Association, 805 F.2d 663, 674 (7th Cir.1986)). See also Cast Group of Companies, Inc. v. Electronic Theatre Controls, Inc., 2009 WL 2780150, *4 (W.D. Wis. Aug. 27, 2009) (noting that the Act recognizes a distinction between unlawful use of intellectual property and the theft of a physical object). As a result, "most courts faced with software conversion claims have

5

found those claims preempted [by the Copyright Act] and have not discussed whether software is the kind of intangible property subject to conversion." Apparel Business Systems, 2008 WL 858754 at *18 (summarizing cases). See also Two Palms Software, Inc. v. Worldwide Freight Management, LLC, 780 F. Supp. 2d 916 (E.D. Mo. 2011) (finding Copyright Act preempted software developers' conversion claim against former customers where developers did not seek return of tangible piece of property and instead sought damages for wrongful reproduction and unauthorized use of software).

Defendant fails to respond to plaintiff's arguments related to the tangible nature of the software, instead citing copyright preemption cases that hold that breach of contract claims are not preempted by the Copyright Act. Dkt. #32 at 6-7. It is unclear from the record before the court whether defendant's software system involves any tangible component that it wishes plaintiff to return. In its answer, defendant simply alleges that "[o]n January 9, 2013, Genesys demanded that Lands' End either purchase a new license or de-install Genesys Software as of January 19, 2013," dkt. #5 at Answer ¶7, and that plaintiff has "failed and refused to surrender and return the [Genesys] System," dkt. #5 at Counterclaims ¶22. Defendant also has failed to propose any findings of fact from which the court may conclude that it seeks the return of a physical object as opposed to requiring plaintiff to uninstall a computer program.

As the Court of Appeals for the Seventh Circuit has stated many times, summary judgment is the "put up or shut up" moment in litigation when the parties are required to show that they have sufficient evidence to allow a reasonable to jury to find in their favor.

Goodman v. National Security Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). Because defendant has failed to adduce sufficient evidence to establish an essential element of its conversion counterclaim or refute plaintiff's assertion that the claim is preempted by the Copyright Act, I must grant plaintiff's motion for summary judgment on the claim.

### B.  Misappropriation of Trade Secrets

Wis. Stat. § 134.90 authorizes civil actions for damages against a person who "misappropriates" a "trade secret." The statute defines trade secret to mean "information, including a formula, pattern, compilation, program, device, method, technique or process" where

> 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.

Wis. Stat. § 134.90(1)(c). The Court of Appeals for the Seventh Circuit has held that a party must identify with specificity the trade secrets that it accuses another of misappropriating. IDX Systems Corp. v. Epic Systems Corp., 285 F.3d 581, 583 (7th Cir. 2002) (affirming grant of summary judgment where software provider failed to adequately identify allegedly misappropriated trade secrets); Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992) ("It is not enough to point to broad areas of technology and assert that something there must have been secret and misappropriated.

The plaintiff must show concrete secrets."). See also Marine Travelift, Inc. v. Marine Lift Sys., Inc., 2013 WL 6255689, *5-6 (E.D. Wis. Dec. 4, 2013) (applying IDX). For example, generally asserting that "all information in or about [a party's] software" is "both too vague and too inclusive" to constitute a trade secret. IDX, 285 F.3d at 583.

Plaintiff contends that defendant has not identified during the course of this litigation any specific trade secret that plaintiff misappropriated. Defendant argues that plaintiff acknowledged the proprietary nature of the software when it agreed in the licensing agreement to confine the use of the program to its employees. In response to plaintiff's interrogatories, defendant also stated generally that plaintiff's "unlicensed use of the software, including the source code and reporting capabilities" constitutes use of trade secrets. However, none of these vague references to proprietary information satisfy the requirement to identify the trade secret with specificity. IDX, 285 F.3d at 584 ("IDX's tender of the complete documentation for the software leaves mysterious exactly which pieces of information are the trade secrets."); Marine Travelift, 2013 WL 6255689, *6 (listing categories of information such as "structure information/design criteria" and "engineering calculations" not specific enough); U.S. Gypsum Co. v. LaFarge North America, Inc., 508 F. Supp. 2d 601, 636 (N.D. Ill. 2007) ("USG cannot simply point to an 11,000-page document . . . and assert that the entire document constitutes a trade secret").

As the Court of Appeals for the Seventh Circuit has explained

> Reluctance to be specific is understandable; the more precise the claim, the more a party does to tip off a business rival to where the real secrets lie and where the rival's own development efforts should be focused. Still, tools such as protective orders are available to make this process less risky, and unless the

> plaintiff engages in a serious effort to pin down the secrets a court cannot do its job.

IDX, 285 F.3d at 583. I agree with the statement in Marine Travelift, 2013 WL 6255689, *6 that it would be "unreasonable and unfair to force [plaintiff] to trial without even knowing specifically what information [defendant] claims constitutes the trade secrets [plaintiff] is alleged to have misappropriated." Plaintiff is entitled to summary judgment on defendant's counterclaim for misappropriation of trade secrets.

### C. Injunctive Relief

In its second cause of action, defendant asks the court to enjoin plaintiff's continued use of the software. Plaintiff contends that this claim should be dismissed as moot because it is undisputed that it stopped using the software in March 2013. In its response brief, defendant agreed that the counterclaim would be rendered moot if plaintiff warrants without restriction that it will not use the software again without a license. Because plaintiff has so warranted, I will dismiss the counterclaim for injunctive relief as moot.

### D. Conclusion

Because defendant has failed to adduce sufficient evidence to establish the essential elements of its counterclaims for conversion and misappropriation of trade secrets, those claims will be dismissed. As a result, it is unnecessary to address plaintiff's arguments related to the economic loss doctrine. The parties agree that defendant's claim for injunctive relief is moot because plaintiff has warranted that it will not use defendant's software without a

license. Remaining for trial is defendant's counterclaim for breach of contract.

ORDER

IT IS ORDERED that plaintiff Lands' End, Inc.'s motion for partial summary judgment, dkt. #28, is GRANTED. The counterclaims of conversion, misappropriation of trade secrets and injunctive relief filed by defendant Genesys Software Systems, Inc. are dismissed.

Entered this 24th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge