UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

LANDS' END, INC.,

         Plaintiff,

                             Case No. 3:13-cv-00038-BBC

      v.

GENESYS SOFTWARE SYSTEMS, INC.,

         Defendant.

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Lands' End, Inc. ("Lands' End" or "Plaintiff"), by its attorneys, Godfrey & Kahn, S.C., submits this brief in support of its Motion to Compel the Production of Documents, requesting that the Court order Defendant Genesys Software Systems, Inc. ("Genesys" or "Defendant") to provide a full and complete response to Plaintiff's First Set of Requests for Production to Genesys Software Systems, Inc., Numbers 8 and 9 ("RFPs 8 and 9"). The grounds for Plaintiff's motion are set forth below and supported by the Declaration of James A. Friedman.

In particular, Lands' Ends seeks license agreements with third parties and related documents that are relevant to Genesys' claim for damages in this matter. Lands' End has sent multiple deficiency letters to Genesys and has spoken to counsel for Genesys, specifically describing the deficiencies in Genesys' productions. Recently, Genesys has clarified that it objects to providing certain documents responsive to RFPs 8 and 9 on the basis that they are not in its possession, custody or control. Genesys claims that because the requested documents are documents of an affiliated company, PeopleStrategy, Inc. ("PeopleStrategy"), it is unable to

produce the documents.  As evidenced by Genesys' prior productions and its close relationship with PeopleStrategy, however, Genesys has control over the requested documents and should produce them immediately.  Genesys cannot use its relationship with PeopleStrategy as both a sword and shield—on the one hand, producing certain PeopleStrategy documents and related evidence as part of its defense and, on the other hand, refusing to produce other PeopleStrategy documents.

## BACKGROUND

Lands' End filed a declaratory judgment action against Genesys regarding a software licensing agreement it entered into with Genesys on January 19, 1993, pursuant to which Genesys licensed its human resources and payroll systems software to Plaintiff for 20 years. Genesys filed counterclaims for breach of contract, injunctive relief, conversion and misappropriation of trade secrets.  On January 24, 2014, the Court granted Plaintiff's motion for partial summary judgment.  *See* Dkt. 37.  Remaining for trial is Genesys' counterclaim for breach of contract.

### *Genesys Initially Raised No Objections to Plaintiff's RFPs 8 and 9*

On May 7, 2013, Lands' End served its First Set of RFPs on Genesys.  Declaration of James A. Friedman ("Friedman Decl."), ¶ 2, Ex. A.  In Plaintiff's RFPs, the definition of "Genesys" expressly includes its parent corporation, PeopleStrategy.  *See id.*  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), Genesys' written responses to the RFPs were due within 30 days of service—that is, by no later than June 6, 2013.

On June 17, 2013, counsel for Genesys provided written responses to Plaintiff's RFPs. *See* Friedman Decl., ¶ 3, Ex. B.  RFP 8 requests that Genesys produce "[d]ocuments sufficient to show all licensees of Genesys human resources and payroll software since 1993 and the license

and royalty rates of each licensee." Friedman Decl., Ex. A., p. 5.  RFP 9 requests that Defendant produce "[a]ll agreements with all licensees of Genesys human resources and payroll software since 1993." *Id.*  In its response, Genesys did not seek clarification of or object to RFPs 8 and 9, yet it failed to provide many of the requested documents.  Friedman Decl. Ex. B, p. 2.

***Despite Multiple Requests, Genesys Refuses to Produce All of the Requested Documents***

On July 1 and 5, 2013, Genesys made a partial production containing some documents responsive to RFPs 8 and 9.  *See* Friedman Decl., ¶ 4.  On August 6, 2013, Plaintiff's counsel sent a letter via e-mail to Defendant's counsel identifying the deficiencies in Defendant's responses and specifically requesting documents that should have been produced pursuant to RFPs 8 and 9.  *See* Friedman Decl., ¶ 5, Ex. C.  For example, Genesys produced some license agreements between it and other entities, and some amendments to license agreements, but in many cases, it did not produce the original license, and in other cases, it did not produce amendments to the license referenced in other documents.

Ten days later, Genesys responded to the August 6 letter, objecting to Plaintiff's RFPs requesting documents before 1993.  *See* Friedman Decl., ¶ 6, Ex. D.  Genesys went on to state that it would produce "any documents which actually fall within the scope of the Requests …."  *Id.*  The letter did not explain why Genesys did not include these documents in its June 17, 2013 production, nor did any documents accompany its August 16 letter.  *Id.*  It was not until two months later, after Lands' End served a follow-up deficiency letter, that Genesys produced additional documents in response to Plaintiff's RFPs.  *See* Friedman Decl., ¶¶ 7, 8.  Included in Genesys' various productions are multiple PeopleStrategy documents.  *See* Friedman Decl., Ex. L.

After reviewing Genesys' October 17 production, Lands' End concluded that Genesys yet again failed to make a complete production in response to RFPs 8 and 9.  On January 16, 2014, Plaintiff's counsel sent yet another deficiency letter to Genesys' counsel, requesting that it produce "all agreements with licensees of software from PeopleStrategy …."  Friedman Decl., ¶ 9, Ex. F.

### Genesys Clarifies Its Objection to RFPs 8 and 9, Alleging That It Lacks Control Over the Requested Documents

On January 31, 2014, counsel for Lands' End sent a follow-up to the January 16 deficiency letter and, subsequently, had a telephone conversation with counsel for Genesys regarding the still-deficient response to RFPs 8 and 9.  Friedman Decl., ¶ 10, Ex. G.  During the call, counsel for Genesys objected to producing additional documents in response to RFPs 8 and 9, claiming that because the documents at issue are PeopleStrategy documents, Genesys lacks possession, custody, or control of the documents.  Friedman Decl., ¶ 11.  While Lands' End recognizes that an objection based on an alleged inability or incapacity to produce documents — no matter how untimely—is not waived, other objections, *e.g.*, relevance, are no longer viable if they are not made in a timely manner.[1]

### PeopleStrategy Is Actively Involved In Genesys' Operations

Genesys' objection to producing documents because they allegedly are not in its possession, custody, or control stands in stark contrast to PeopleStrategy's active role in Genesys' operations and its role in this litigation.  As noted above, Genesys already has

---

[1] *See Slabaugh v. State Farm Fire & Cas.*, 2013 WL 4777206, at *2 (S.D. Ind. Sept. 5, 2013) (holding that except for the objections based on inability to produce, the defendant waived its other objections to the plaintiff's discovery requests including objections based on vagueness, and burdensomeness); *see also Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (holding that an "inexcusable and unjustified delay" warranted waiver of the attorney-client privilege).

produced certain PeopleStrategy documents, including agreements with third parties, a work order for professional services, and emails between PeopleStrategy executives and Lands' End in 2012 and 2013, before Lands' End filed this action, in which Genesys and PeopleStrategy representatives attempt to sell PeopleStrategy products to Lands' End.  *See* Friedman Decl., Ex. L (*see* GENESYS000004; two options for Lands' End to extend existing license and transition to PeopleStrategy solution).

       Further undermining Genesys' claim that it does not have possession, custody or control over the requested documents is its response to Plaintiff's Interrogatory 1 that Genesys "has been under the control of [PeopleStrategy] since August 2010."  *See* Friedman Decl., Ex. K.  Additional evidence of PeopleStrategy's active role in Genesys' operations includes an invoice sent to Lands' End that directs Lands' End to remit payment to Genesys "c/o PeopleStrategy" at PeopleStrategy's Atlanta, Georgia address.  *See* Friedman Decl., ¶ 12, Ex. H.  Finally, Genesys employees all appear to have PeopleStrategy email addresses.  *See* Friedman Decl., Ex. L.

       In addition to its involvement in Genesys' day-to-day operations, PeopleStrategy continues to play a significant role in this litigation.  Genesys' Initial Disclosures list several PeopleStrategy executives as potential witnesses, including:

- Colin Macdonald, Director of Finance, PeopleStrategy;

- Richard Hauptle, Vice President of Sales, PeopleStrategy;

- Randy Cooper, CEO, Genesys Software Systems, Inc.; and

- David Fiacco, President and COO, Genesys Software Systems, Inc.

*See* Friedman Decl., Ex. I (Initial Disclosures, Attachment A).  While Mr. Cooper is listed as CEO of Genesys, the PeopleStrategy website lists him as CEO of PeopleStrategy.  *See* Friedman Decl., ¶ 14, Ex. J (PeopleStrategy website screenshots).  Similarly, the PeopleStrategy website

identifies Mr. Fiacco as COO of PeopleStrategy.  *Id.*  Furthermore, the Initial Disclosures state

that all are to be contacted through counsel for Genesys.  Friedman Decl., Ex. I.  Genesys just

named Mr. Fiacco, PeopleStrategy's COO, as its expert witness.  Dkt. #38.

In response to Interrogatory 3, Genesys identifies the following individuals as

PeopleStrategy personnel who have knowledge about the possibility of upgrading the Genesys

software, including Randy Cooper, Colin Macdonald, Richard Hauptle, Tom Vaudreuil, Sue

Noebe, and Jennifer Kockler.  *See* Friedman Decl., Ex. K, p. 2.  Genesys states in response to

Interrogatory 5 that Randy Cooper, David Fiacco, Colin Macdonald, and Richard Hauptle all

have knowledge about Genesys' decision to seek to enforce the 1993 license agreement against

Lands' End.  *Id.*  Finally, Mr. Hauptle prepared a declaration in support of Genesys' motion for a

partial summary judgment, also identifying himself as a PeopleStrategy Vice President.  Dkt. 17,

¶ 2.

## ARGUMENT

**I.    Defendant Has Control Over The Requested Documents Because It Has Previously Produced Similar Documents.**

Where a subsidiary is requested to produce information or documents that are in the

possession of its parent company, the rule is that "a subsidiary 'need only be able to obtain the

documents in question to "control" them, and need not "control" the parent that possesses the

documents.'"  *See In re Subpoena Duces Tecum to Ingeteam, Inc.,* No. 11-misc-36, 2011 WL

3608407 at *2 (E.D. Wis. Aug. 16, 2011) (quoting *In re Subpoena to Huawei Tech. Co., Ltd.,*

720 F. Supp. 2d 969 (N.D. Ill. 2010)); *see also Slabaugh v. State Farm Fire & Cas.*, 2013 WL

4777206 at *6 (S.D. Ind. Sept. 5, 2013).

It is the burden of the requesting party to prove that the producing party has the ability to

obtain the documents in question.  *Slabaugh*, 2013 WL 4777206, at *6.  Where the requesting

party is able to demonstrate that the producing party obtained other documents from the parent company, however, this is sufficient to meet the burden.  *Id.* at *5-6.  In *Slabaugh*, the court found that the defendant's production of a document it obtained from its parent company in Korea was evidence of the defendant's ability to obtain the requested documents, and granted the plaintiffs' motion to compel the production of certain documents claimed to be within the possession, custody or control of the defendant's parent company.

As explained above, Genesys previously has produced PeopleStrategy documents.  *See* Friedman Decl., Ex. L.  These include PeopleStrategy agreements with third parties, emails between PeopleStrategy and Lands' End, and other PeopleStrategy documents.  *See id*. Therefore, as in *Slabaugh*, Genesys has demonstrated it has the practical ability to obtain the requested documents.  Its argument that it lacks possession, custody or control over PeopleStrategy documents is contrary to the evidence, and it should be rejected.

## II.      Genesys' Relationship With PeopleStrategy Is Sufficiently Close Such That The Documents Should Be Produced.

If evidence of the subsidiary's ability to obtain documents from a parent company is not available "courts employ various factors to determine the 'closeness of the relationship between the entities.'" *Slabaugh*, 2013 WL 4777206 at *6 (citing *Ingeteam*, 2011 WL 3608407). Therefore, even if there were not sufficient evidence of Genesys' practical ability to obtain the requested documents from PeopleStrategy (which there is, as demonstrated above), Genesys and PeopleStrategy have a sufficiently close relationship such that the documents should be produced.

Depending on the court, various factors are used to measure the closeness of the relationship.  In *Ingeteam*, the court listed five factors, including:  (1) the parent company's

7

ownership share in the subsidiary; (2) whether the corporations have interlocking management structures; (3) the degree of control exercised by the foreign parent over the subsidiary's directors, officers, and employees; (4) the foreign parent's connection to the transaction at issue; and (5) whether the foreign parent refusing production will receive a benefits from the litigation. 2011 WL 3608407, at *1 (finding that in the context of either Rule 34 or Rule 45, relevant documents cannot be hidden by a parent corporation, even though the court does not have personal jurisdiction over the parent).

As in *Ingeteam*, Genesys is a wholly-owned subsidiary of PeopleStrategy.  In addition, PeopleStrategy is actively involved in the operations of Genesys and the license agreement that is the subject of this lawsuit, as evidenced by the emails between PeopleStrategy, Genesys, and Lands' End, as well as other PeopleStrategy documents.  *See* Friedman Decl., Exs. H, J, K, L. Finally, Genesys and PeopleStrategy both would benefit from withholding the requested license agreements because without the documents, Lands' End will have less evidence available about the pricing and terms of licenses for comparable products and services to use to rebut Genesys' damages claim.

## CONCLUSION

Because Genesys has control over the requested documents, and because its affiliated company, PeopleStrategy, is actively involved in Genesys operations and in this litigation, Lands' End is entitled to an order:  (1) compelling Defendant immediately to produce all documents responsive to RFPs 8 and 9 in Plaintiff's First Set of RFPs; (2) requiring Defendant to certify, under oath, that its document production is complete and comprehensive on the date ordered by the Court; and (3) awarding Plaintiff its expenses, including attorney's fees, incurred

in preparing this motion, as well as any other relief that Court deems just and proper.  *See* Fed. R. Civ. P. 37(a).

**Civil L. R. 37 Certification.**  Plaintiff's counsel has conferred in good faith with Defendant's counsel in an effort to obtain the requested discovery without Court action, but the parties have been unable to reach an accord.  Specifically, Mr. Friedman conferred with Mr. Asman, counsel for Defendant, in correspondence on August 6, 2013, October 1, 2013, January 16, 2014, and via telephone on January 31, 2014 and other dates.

Dated:  February 19th, 2014.

*s/ James A. Friedman*
James A. Friedman
Wendy K. Arends
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703
Phone:   608-257-3911
Fax:        608-257-0609
Email:    jfriedman@gklaw.com
              warends@gklaw.com

*Attorneys for Plaintiff Lands' End, Inc.*

10933434.1