IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANDS' END, INC.,

                                                                              OPINION AND ORDER

                    Plaintiff,

     v.                                                              13-cv-38-bbc

GENESYS SOFTWARE SYSTEMS, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Lands' End filed this civil diversity action to obtain a declaratory judgment interpreting a software licensing agreement it entered into with defendant Genesys Software Systems, Inc., on January 19, 1993. Defendant filed counterclaims for breach of contract, injunctive relief, conversion and misappropriation of trade secrets. Because I previously dismissed plaintiff's claim and all but one of defendant's counterclaims on summary judgment, this case is proceeding to trial on May 19, 2014 solely on defendant's counterclaim for breach of contract.

        Two motions are before the court: (1) defendant's motion to amend its answer to add a counterclaim for copyright infringement, dkt. #52; and (2) plaintiff's motion to strike defendant's damages expert and alternative motion to compel disclosure, dkt. #46. For the reasons stated below, I am denying defendant's motion to amend and granting plaintiff's motion to strike.

1

OPINION

A.  Motion to Amend

In the order entered on January 24, 2014, I granted plaintiff summary judgment on defendant's conversion claim, finding in part that defendant had failed to refute plaintiff's assertion that the claim was preempted by the Copyright Act.  Dkt. #37.  Defendant now alleges for the first time that it owns two copyrights that plaintiff allegedly violated by continuing to use defendant's software after the expiration of the parties' licensing agreement.

Generally, a motion for leave to amend a pleading is evaluated under Fed. R. Civ. P. 15(a)(2), which provides that courts should "freely give leave when justice so requires." Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011).  However, defendant did not move to amend its answer until March 21, 2014, approximately 11 months after the April 26, 2013 deadline set forth in this court's scheduling order.  Pretrial Conf. Order, dkt. #13. In this situation, the court first considers whether the plaintiff has met the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied.  Alioto, 651 F.3d at 719-20; Trustmark Insurance Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005).  "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." Alioto, 651 F.3d at 719 (quoting Trustmark, 424 F.3d at 553).

Defendant has not offered any explanation for failing to bring a copyright infringement claim earlier, arguing only that adding such a claim would not prejudice

plaintiff because no depositions have been taken and because plaintiff has admitted its infringement. Although lack of prejudice to the opposing party is a consideration under Rule 15(a)(2), it does not satisfy the good-cause requirement of Rule 16(b). Accordingly, defendant's motion to amend will be denied.

B. Motion to Strike

Pursuant to the Preliminary Pretrial Conference Order, as amended by a text-only order entered on November 27, 2013, the parties had until February 17, 2014 to disclose their damages experts under Rule 26(a)(2). Dkt. ##13 and 36. On that day, defendant identified David Fiacco, its President and Chief Operating Officer, as a damages expert. Defendant did not provide plaintiff any other information about Fiacco's testimony. Although defendant notes correctly that Rule 26(a)(2)(B) does not require a party's employee who is not regularly involved in giving expert testimony to prepare a written report, Rule 26(a)(2)(C) requires the employee to prepare a summary of the facts and opinions to which he was expected to testify. Although plaintiff notified defendant on several occasions of its failure to supply this information, defendant did not respond. Plaintiff then filed its motion to strike on March 18, 2014. The next day, defendant emailed plaintiff a written report by Fiacco.

"The sanction for failing to comply with Rule 26(a)(2)(C) is 'automatic and mandatory' exclusion from trial of the non-disclosed evidence under Fed. R. Civ. P. 37(c)(1) 'unless non-disclosure was justified or harmless.'" Hammel v. Eau Galle Cheese Factory,

407 F.3d 852, 869 (7th Cir. 2005) (citing Musser v. Gentiva Health Services, 356 F.3d 751, 758 (7th Cir. 2004)). Defendant does not offer any justification for failing to submit a summary of Fiacco's opinions, arguing only that its initial identification of Fiacco as a "damages" expert was sufficient to satisfy Rule 26(a)(2). This conclusory argument does not satisfy the requirements of Rule 37(c)(1).

Moreover, the failure to disclose Fiacco's opinions was not harmless. Relying on the fact that defendant was not going to submit a summary of Fiacco's opinions, plaintiff did not undertake the expense to depose Fiacco or hire a rebuttal expert. In light of defendant's failure to offer a valid reason for not submitting a summary or to explain why its failure should be considered harmless, I must strike Fiacco as a damages expert. Hammel, 407 F.3d at 869 (finding that trial court did not abuse discretion in striking expert under similar circumstances).

ORDER

IT IS ORDERED that

1. Defendant Genesys Software Systems, Inc.'s motion for leave to file an amended counterclaim, dkt. #52, is DENIED; and

2. Plaintiff Lands' End, Inc.'s motion to strike expert disclosures, dkt. #46, is GRANTED.

Entered this 1st day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge